| | |
|---|---|
| FLYING DOG BREWERY, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>THE NORTH CAROLINA ALCOHOLIC BEVERAGE CONTROL COMMISSION, ALEXANDER DUKE "ZANDER" GUY JR., NORMAN A. MITCHELL SR., KAREN L. STOUT, TERRANCE L. MERRIWEATHER,<br><br>    Defendants. | Case No. 5:21-cv-343<br><br>**COMPLAINT**<br><br>**Right of Free Speech**<br>**U.S. Const. Amend. I; 42 U.S.C. § 1983**<br><br>[JURY DEMANDED] |

For its Complaint against Defendants, Plaintiff Flying Dog Brewery, LLC hereby alleges and complains as follows:

## INTRODUCTION

Beer has always played an important role in America's history and culture. George Washington was a brewer,[1] and the founding fathers celebrated finishing the final draft of our Constitution by drinking beer at a Philadelphia tavern.[2] Today, beer remains an important topic of the national conversation, such that even Supreme Court Justice Brett M. Kavanaugh shared his love of beer during his confirmation hearings before the Senate.[3] 'Having a beer together' is so synonymous with speech and conversation in our country that when President Barrack Obama sought to ease racial tensions stemming from the mistaken arrest of Professor Henry Louis Gates Jr. by Sgt. James Crowley, a Cambridge, Massachusetts police officer, President Obama famously invited the two for beers in the White House Rose Garden.[4]

---

[1] *See, e.g.,* "Beer & American History," BEER INSTITUTE (accessed Aug. 5, 2021), https://www.beerinstitute.org/news-media/additional-beer-resources/beer-american-history/.

[2] *See, e.g.,* Steve Hendrix, "The epic bender to celebrate George Washington and the newly finished U.S. Constitution," WASHINGTON POST (Feb. 22, 2018), https://www.washingtonpost.com/news/retropolis/wp/2018/02/22/the-epic-bender-to-celebrate-george-washington-and-the-newly-finished-constitution/.

[3] *See Confirmation Hearing on the Nomination of Hon. Brett M. Kavanaugh to be an Associate Justice of the Supreme Court of the United States Before the S. Comm. on the Judiciary*, 115th Cong. 704 (2018) (Statement of Hon. Brett M. Kavanaugh, Nominee to Serve as an Associate Justice of the Supreme Court of the United States).

[4] Helene Cooper and Abby Goodnough, "Over Beers, No Apologies, but Plans to Have Lunch," NEW YORK TIMES (Jul. 30, 2009), https://www.nytimes.com/2009/07/31/us/politics/31obama.html

Facilitating such conversation is a cornerstone of Plaintiff Flying Dog Brewery's mission. Through its "Gonzo"-inspired label designs, Flying Dog Brewery communicates with its customers and draws them into conversation. However, the North Carolina Alcoholic Beverage Control Commission has disrupted this speech by censoring the label of Flying Dog Brewery's Freezin' Season Winter Ale. The Alcoholic Beverage Control Commission's actions are an affront to Flying Dog Brewery's rights under the First Amendment and must not stand. Additionally, the First Amendment violation is so stark and so obvious, despite the clearly established nature of Flying Dog Brewery's rights, that qualified immunity does not apply.

**JURISDICTION AND VENUE**

1. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1343, 2201, 2202, and 42 U.S.C. § 1983.

2. This Court has personal jurisdiction over the Defendants under Fed. R. Civ. P. 4(k) and N.C. Gen. Stat. § 1-75.4.

3. Venue lies in this Court pursuant to 28 U.S.C. § 1391.

**THE PARTIES**

4. Plaintiff Flying Dog Brewery, LLC ("Flying Dog Brewery") is a limited liability company, organized under the laws of the State of Delaware with its headquarters in Frederick, Maryland and its principal place of business in Frederick, Maryland. Flying Dog Brewery creates and sells craft beers and is one of the top-50 craft beer companies in the United States. Annually, it ships over 1.3 million cases of beer worldwide to its network of wholesalers, who in turn distribute Flying Dog Brewery beers to its corporate customers in the retail, bar, and restaurant businesses.

5. Defendant North Carolina Alcoholic Beverage Control Commission (the "ABC Commission") is the entity created by the State of North Carolina to enforce the state's laws regulating the sale of alcoholic beverages.

6. Defendant Alexander Duke "Zander" Guy, Jr., an individual, is the Chairman of the ABC Commission. Guy is presently enforcing the laws, customs, practices, and policies complained of in this action. Guy is sued in both his official and individual capacities.

RANDAZZA | LEGAL GROUP

7. Defendant Norman A. Mitchell, Sr., an individual, is a member of the ABC Commission. Mitchell is presently enforcing the laws, customs, practices, and policies complained of in this action. Mitchell is sued in both his official and individual capacities.

8. Defendant Karen L. Stout, an individual, is a member of the ABC Commission. Stout is presently enforcing the laws, customs, practices, and policies complained of in this action. Stout is sued in both her official and individual capacities.

9. Defendant Terrance L. Merriweather, an individual, is a member of the ABC Commission. Merriweather is presently enforcing the laws, customs, practices, and policies complained of in this action. Merriweather is sued in both his official and individual capacities.

## STATEMENT OF RELEVANT FACTS

*Flying Dog Brewery and Ralph Steadman*

10. Flying Dog Brewery takes its name from a painting of what appeared to be a flying dog hanging in a Pakistani hotel, which brewery founder George Stranahan stayed at after a Himalayan climbing expedition. Appreciating the artwork's can-do spirit, Stranahan later adopted this mascot and moniker for his brewery because it represents the idea that "it is amazing what you can achieve if nobody tells you that you can't."

11. Stranahan and Flying Dog Brewery were influenced by Stranahan's longtime friend and neighbor, the iconoclastic journalist and literary figure Hunter S. Thompson. Flying Dog Brewery's identity, and that of its products, is inextricably imbued with and promotes the irreverent "Gonzo" spirit and outlook for which Thompson is noted.

12. Thompson often collaborated with the artist Ralph Steadman, most notably on their book "Fear and Loathing in Las Vegas," to which Steadman contributed illustration. Steadman is renowned for expressing social and political commentary through his art. Steadman has won numerous awards, including the Francis Williams Book Illustration Award for "Alice in Wonderland," the American Society of Illustrators' Certificate of Merit, the WH Smith Illustration Award for "I Leonardo," the Dutch Silver Paintbrush Award for "Inspector Mouse," the Italian Critica in Erba Prize for "That's My Dad," the BBC Design Award for postage stamps, the Black Humour Award in

France, and several Designers and Art Directors Association Awards. He was voted Illustrator of the Year by the American Institute of Graphic Arts in 1979. As well as writing and illustrating his own books and Thompson's, Steadman has worked with writers including Ted Hughes, Adrian Mitchell, and Brian Patten, and also illustrated editions of "Treasure Island," "Animal Farm," and "Fahrenheit 451." Steadman illustrated Will Self's column in the British Independent newspaper and also wrote for Kotori Magazine. Steadman's work has appeared in the New York Times, the Daily Telegraph, Rolling Stone, Punch, and Private Eye.

13. Thompson introduced Flying Dog Brewery to Steadman, and 25 years ago, Plaintiff began a partnership under which Steadman produces, under license, illustration for Flying Dog Brewery's corporate imaging. Steadman's illustrations grace the labels of Flying Dog Brewery's beers and beer packaging and are also sold and otherwise distributed by Flying Dog Brewery on other merchandise, including posters and clothing.

14. Appreciation of art, both the art of beer-craft and the visual arts, lies at the core of Flying Dog Brewery's philosophy. As Stranahan has noted, "Art is our first language and we like and agree with what Ralph Steadman chooses to say through his art on our labels; that this is a wonderful world on a wacky path." The dogs depicted on Flying Dog Brewery's labels "are a reflection of the people we strive to be, carefree and spontaneous, rough around the edges but with real charm."

15. Flying Dog Brewery's beers include Chesapeake Wheat American Wheat Ale, Vicious Hook Fruit Punch Sour, Raging Bitch Belgian IPA, Thunderpeel Hazy IPA, Snake Dog IPA, Gonzo Imperial Porter, Bloodline Blood Orange Ales, and Deep Fake, a non-alcoholic beer.

16. One of Flying Dog Brewery's beers is a winter ale called Freezin' Season. The beer's label contains the silhouette of a cartoon figure standing next to a campfire, along with a narrative description, as depicted below:



*The Regulatory Framework*

17. In the State of North Carolina, the ABC Commission is tasked with providing uniform control over the sale, purchase, transportation, manufacture, consumption, and possession of all alcoholic beverages in the state. It is an independent state agency housed in the North Carolina Department of Public Safety with a direct report to the Governor's office.

18. The members of the ABC Commission meet monthly to hear and take action on permit violations, requests for approval of new ABC store locations, and other matters within its regulatory authority.

19. North Carolina's ABC laws are found in Chapter 18B of the North Carolina General Statutes, and the ABC Commission's Rules are found in Title 14B, Chapter 15 of the North Carolina Administrative Code.

20. The ABC Commission has the authority to regulate the advertising of alcoholic beverages, including the ability to "prohibit or regulate any advertising of alcoholic beverages which

is contrary to the public interest." NCGS § 18B-105(b)(11). No one is permitted to advertise alcoholic beverages in the State of North Carolina without complying with the rules of the ABC Commission. *See* NCGS § 18B-105(a).

21. There are administrative penalties for not complying with the ABC Commissions' guidelines, including suspensions of permits for up to three years, revocation of a permit, and fines of up to $5,000. *See* NCGS § 18B-104(a).

22. Among the tasks assigned to the ABC Commission is determining whether an advertisement or product label on any alcoholic beverage sold or distributed in North Carolina is appropriate. *See* 14B NCAC 15B.1003. That regulation operates as an unlawful prior restraint because it provides, in pertinent part: "An advertisement or product label on any alcoholic product sold or distributed in this State shall not contain any statement, design, device, or representation that depicts the use of alcoholic beverages in a scene that is determined by the Commission to be **undignified, immodest, or in bad taste**." *See* 14B NCAC 15B.1003(a)(2) (emphasis added).

23. This regulation, on its face, clearly violates the First Amendment to the United States Constitution. There is a prior restraint before any individual or entity can engage in this kind of commercial speech in the State of North Carolina, and that prior restraint is not lifted until the government decides that the label meets its level of "dignity," "modesty," or "good taste." To whatever extent the regulation could be mistakenly considered to be constitutional, the application of it against Plaintiff, beyond a shadow of a doubt to even a layperson, was contrary to the First Amendment.

*The Present Dispute*

24. On or about July 16, 2021, Flying Dog Brewery, sent various samples of beer labels and keg collars to the ABC Commission.

25. Among the labels and keg collars submitted was the aforementioned label for Freezin' Season Winter Ale.

26. On July 23, 2021, Cindy Mesino, an ABC Commission employee, sent an email to Flying Dog Brewery, informing it that the ABC Commission, and the individual commissioner Defendants named herein, did not approve the label for the twelve ounce Freezin' Season bottle.

27. When Flying Dog Brewery asked why the label was not approved, Ms. Mesino cited the regulation, highlighting "bad taste" in yellow. She acknowledged that the aforementioned regulation caused the commissioners to reject the label and stated "[a]s you can see the image below is seen as inappropriate to many here."

28. Flying Dog Brewery would advertise and make commitments to sell Freezin' Season in North Carolina but refrains from doing so because it reasonably fears that doing so would damage its ability to sell its other present and future beers in North Carolina.

29. Flying Dog Brewery's inability to advertise and commit to sell Freezin' Season in North Carolina has damaged Flying Dog Brewery by unlawfully depriving it of its right to free expression and costing it significant sales of Freezin' Season beer and ancillary Freezin' Season products, as well as generally damaging Flying Dog Brewery's goodwill in North Carolina and thus hurting the sales of Flying Dog Brewery's other beers and products that may legally be sold in North Carolina.

30. Defendants' actions have caused more damage to Flying Dog Brewery than just deprivation of its Constitutional rights and lost sales for 2021. If Flying Dog Brewery cannot sell Freezin' Season in North Carolina in 2021, it risks losing hard-won shelf placements for all of its seasonal offerings. Seasonal beers rotate through liquor stores. If Flying Dog Brewery does not have a winter ale offering to follow its summer and fall seasonals, retailers will put another, non-Flying Dog Brewery beer in its place. If that happens, it is likely that Flying Dog Brewery will not get that shelf space back for its subsequent seasonal offerings. Further, its expressive content will never be able to reach this years' customers affixed to its product.

31. Finally, Defendants may argue that they have permitted sales of Freezin' Season on draft. However, that does not change that prohibition of sales of bottles is infringing upon Flying Dog Brewery's First Amendment rights, the deprivation of which always constitutes irreparable harm. For the product is far more than the mere liquid – but the artistic and social expression that Flying Dog Brewery provides with its beer, when sold in bottle form. Moreover, bottle sales make up more

than 90% of Flying Dog Brewery's business. Flying Dog Brewery's sales velocity is almost entirely dependent upon its brand presence and availability in retail outlets.

32. Given that Flying Dog Brewery relies so heavily upon retail sales, the design of its labels is particularly important to entice customers into buying its beer and to express its corporate speech to its customers and potential customers alike. Currently, the label for Freezin' Season Winter Ale has received a Certificate of Label Approval from the Alcohol and Tobacco Tax and Trade Bureau, which is part of the U.S. Department of the Treasury, and approval from every state within its distribution network with one exception: North Carolina.

33. If Defendants' deprivation of Flying Dog Brewery's First Amendment rights is permitted to stand, it will irreparably damage the goodwill that the brewery has built with its distribution partners and chain retail buyers in the State of North Carolina.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

**Right of Free Speech – U.S. Const. Amend. I; 42 U.S.C. § 1983**

34. Plaintiff Flying Dog Brewery incorporates each and every preceding paragraph as though set forth fully herein.

35. Flying Dog Brewery's label for Freezin' Season beer constitutes expression protected by the First Amendment to the United States Constitution.

36. 14B NCAC 15B.1003(a)(2) is invalid on its face as an unconstitutional prior restraint on protected expression.[5]

37. 14B NCAC 15B.1003(a)(2) is invalid on its face as inherently vague and ambiguous, implicating due process and speech concerns.

38. 14B NCAC 15B.1003(a)(2) is invalid as applied to bar the advertisement and sale of Freezin' Season, as Defendants lack any valid interest justifying censorship of the Freezin' Season label.

---

[5] The Supreme Court has roundly rejected prior restraint. *See Kinney v. Barnes*, 57 Tex. Sup. J. 1428 at n.7, (Tex. 2014) (citing SOBCHAK, W., THE BIG LEBOWSKI, 1998).

39. The application of the regulation in this circumstance was so blatantly obviously unconstitutional that no reasonable person could have thought otherwise.

40. Defendants' interruption and prevention of Flying Dog Brewery's advertisement and sale of Freezin' Season, under color of state law, violates Flying Dog Brewery's rights under the First Amendment to the U.S. Constitution, causing Flying Dog Brewery significant damages.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

## NOTICE OF CONSTITUTIONAL QUESTION

Pursuant to Fed. R. Civ. P. 5.1, Plaintiff gives notice that this pleading draws into question the constitutionality of 14B NCAC 15B.1003(a)(2), a statute of the State of North Carolina. Notice of the constitutional challenge will be given promptly pursuant to Fed. R. Civ. P. 5.1(a)(2).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Flying Dog Brewery, LLC requests that judgment be entered in its favor and against Defendants as follows:

A. Temporary, preliminary and permanent injunctive relief barring Defendants, their officers, agents, servants, employees, and all persons in active concert or participation with them who receive actual notice of the injunction from enforcing 14B NCAC 15B.1003(a)(2) against the sale of Freezin' Season beer;

B. Declaratory relief consistent with the injunction, including specifically, declaratory relief to the effect that 14B NCAC 15B.1003(a)(2) is unconstitutional;

C. An order mandating Defendants' issuance of a sales license in North Carolina to Flying Dog Brewery for Freezin' Season beer;

D. Against Defendants Guy, Mitchell, Stout, and Merriweather, compensatory damages in an amount according to proof at trial;

E. Attorneys' fees and expenses pursuant to 42 U.S.C. § 1988;

F. Ordinary taxable costs of suit; and

G. Any further relief as the Court deems just and appropriate.

Dated: August 26, 2021.

Respectfully Submitted,

/s/ T. Greg Doucette
T. Greg Doucette
THE LAW OFFICES OF T. GREG DOUCETTE, PLLC
311 E Main Street
Durham, North Carolina 27701
Tel: (919) 998-6993
Email: greg@tgdlaw.com

W. Michael Boyer
CAROLINA CRAFT LEGAL
6502 Birkdale Drive
Greensboro, North Carolina 27410
Tel: (336) 944-2132
Email: michael@carolinacraftlegal.com

Marc J. Randazza (*pro hac vice* forthcoming)
RANDAZZA LEGAL GROUP, PLLC
2764 Lake Sahara Drive, Suite 109
Las Vegas, Nevada 89117
Tel: (702) 420-2001
Email: ecf@randazza.com

Attorneys for Plaintiff
Flying Dog Brewery, LLLP