IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:21-CV-343-BO

| | |
|---|---|
| FLYING DOG BREWERY, LLC, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| THE NORTH CAROLINA ALCOHOLIC ) | |
| BEVERAGE CONTROL COMMISSION, ) | |
| ALEXANDER DUKE "ZANDER" GUY ) | |
| JR., NORMAN A. MITCHELL SR., ) | |
| KAREN L. STOUT, TERRANCE L. ) | |
| MERRIWEATHER, ) | |
| Defendants. ) | |

This cause comes before the Court on plaintiff's motion for temporary restraining order and preliminary injunction pursuant to Rule 65(a) and (b) of the Federal Rules of Civil Procedure. [DE 5]. For the reasons that follow, the motion for a temporary restraining order is denied. A hearing will be held on the motion for a preliminary injunction on September 9, 2021, at Elizabeth City.

BACKGROUND

Plaintiff commenced this action on August 26, 2021. [DE 1]. Plaintiff's complaint challenges 14B NCAC 15B.1003(a)(2) as violating the First Amendment both on its face and as applied to plaintiff. Plaintiff's claim concerns defendants' decision to decline approval for plaintiff's label design for its "Freezin' Season" twelve-ounce bottled beer. As of the filing of this order, defendants have not appeared in this action nor has any filing been made demonstrating proof service of the instant motion.

## DISCUSSION

Rule 65(b) of the Federal Rules of Civil Procedure governs the issuance of temporary restraining orders. It provides that

> (1) *Issuing Without Notice.* The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b). While temporary restraining orders are at times necessary, "[t]he stringent restrictions imposed by . . . Rule 65 [] on the availability of ex parte temporary restraining orders reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Loc. No. 70 of Alameda Cty.*, 415 U.S. 423, 438–39 (1974). Accordingly, the procedural requirements of Rule 65(b) are strictly construed. *Tchienkou v. Net Tr. Mortg.*, No. CIV.A 3:10-CV-00023, 2010 WL 2375882, at *1 (W.D. Va. June 9, 2010).

Here, plaintiff's attorney has failed to satisfy Rule 65(b)(1)(B) by certifying in writing any efforts made to give notice to the defendants and the reasons why notice should not be required. Emergency, *ex parte* relief is therefore unsupported by the current motion.

## CONCLUSION

Accordingly, plaintiff's motion for a temporary restraining order is DENIED. The Court will hold a hearing on plaintiff's motion for a preliminary injunction on September 9, 2021, at 11:00 a.m. at Elizabeth City, North Carolina. Plaintiff shall make service of this order on

defendants and file proof of the same. If exigent circumstances exist that require an earlier preliminary injunction hearing the Court will entertain such request by motion.

SO ORDERED, this 27 day of August, 2021.

                                                 *Terrence Boyle*
                                                 TERRENCE W. BOYLE
                                                 UNITED STATES DISTRICT JUDGE

3

Case 5:21-cv-00343-BO   Document 7   Filed 08/27/21   Page 3 of 3