IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:21-CV-343-BO

FLYING DOG BREWERY, LLC, )
         Plaintiff, )
)
v. )    O R D E R
)
THE NORTH CAROLINA ALCOHOLIC )
BEVERAGE CONTROL COMMISSION, )
ALEXANDER DUKE "ZANDER" GUY )
JR., NORMAN A. MITCHELL SR., )
KAREN L. STOUT, TERRANCE L. )
MERRIWEATHER, )
         Defendants. )

This cause comes before the Court on plaintiff's motion for a preliminary injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure. Defendants have responded, plaintiff has replied, and a hearing was held before the undersigned on September 9, 2021. In this posture, the motion is ripe for ruling. For the reasons that follow, plaintiff's motion is denied.

BACKGROUND

Plaintiff commenced this action by filing a complaint on August 26, 2021. [DE 1]. Plaintiff is a craft brewery headquartered in Frederick, Maryland. Plaintiff ships over 1.3 million cases of beer annually for distribution to corporate customers in the retail, bar, and restaurant business. Plaintiff currently distributes its beer for sale in North Carolina.

On July 16, 2021, plaintiff sent samples of beer labels and keg collars to the North Carolina Alcoholic Beverage Control (ABC) Commission for review and approval. In North Carolina, the ABC System provides "regulation and control of the manufacture, distribution, advertisement, sale, possession and consumption of alcoholic beverages to serve public health,

safety and welfare . . . ." 14B N.C. Admin. Code 15A.0101. The ABC Commission "is an independent state agency housed in the North Carolina Department of Public Safety with a direct report to the Governor's office." Compl. ¶ 17. The ABC Commission is authorized to "prohibit or regulate any advertising of alcoholic beverages which is contrary to the public interest." N.C. Gen. Stat. § 18B-105(b)(11).

Title 14B, Chapter 15 of the North Carolina Administrative Code provides rules applicable to the ABC Commission. The rule relevant to this suit, 14B N.C. Admin. Code 15B.1003(a)(2), authorizes the ABC Commission to reject any advertisement or product label on an alcoholic beverage sold or distributed in North Carolina if it "contain[s] any statement, design, device, or representation that depicts the use of alcoholic beverages in a scene that is determined by the Commission to be undignified, immodest, or in bad taste." *Id.*

On July 23, 2021, an ABC Commission employee notified plaintiff that the ABC Commission and the individual commissioners named as defendants herein did not approve the label for plaintiff's twelve ounce Freezin' Season Winter Ale bottled beer. Plaintiffs were informed that the label was found to be in bad taste. Plaintiff thereafter filed the instant action, alleging that its First Amendment rights had been violated. Specifically, plaintiff's complaint challenges 14B N.C. Admin. Code 15B.1003(a)(2)[1] both on its face and as applied to plaintiff as a prior restraint on protected expression and as inherently vague and ambiguous, implicating both due process and speech concerns. Plaintiff's complaint seeks as relief the following: temporary, preliminary, and permanent injunctive relief barring defendants from enforcing 14B NCAC 15B.1003(a)(2) against the sale of Freezin' Season beer; declaratory relief consistent with the injunction, including a declaration that 14B NCAC 15B.1003(a)(2) is unconstitutional;

---

[1] Hereinafter 14B NCAC 15B.1003(a)(2) or "the Rule."

2

Case 5:21-cv-00343-BO   Document 20   Filed 09/10/21   Page 2 of 7

an order mandating defendants' issuance of a sales license in North Carolina to Flying Dog Brewery for its Freezin' Season beer, as well as compensatory damages from the individual defendants, attorney fees, and costs.

Shortly after filing its complaint, plaintiff moved for a temporary restraining order and a preliminary injunction. The Court denied plaintiff's motion for temporary restraining order, finding that plaintiff had failed to demonstrate that injunctive relief without notice to defendants should be entered. [DE 7]. Defendants subsequently appeared through counsel and responded to plaintiff's request for a preliminary injunction.

In its motion for preliminary injunction, plaintiff seeks an order enjoining defendants from prohibiting plaintiff from marketing, selling, and distributing its Freezin' Season Winter Ale in the State of North Carolina due to the label that a majority of the ABC Commission found distasteful. [DE 5]. Plaintiff argues that immediate injunctive relief is required because it must soon know how much of its Freezin' Season Winter Ale it must brew in anticipation of its seasonal distribution.

## DISCUSSION

"A preliminary injunction is an extraordinary and drastic remedy." *Munaf v. Geren*, 553 U.S. 674, 689 (2008) (quotation and citation omitted). A movant must make a clear showing of each of four elements before a preliminary injunction may issue: (1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *see also Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 575 F.3d 342, 347 (4th Cir. 2009) (holding that the

3

Case 5:21-cv-00343-BO   Document 20   Filed 09/10/21   Page 3 of 7

*Blackwelder* balance-of-hardships test no longer applies in light of *Winter*) *vacated on other grounds*, 559 U.S. 1089 (2010) (memorandum opinion).

In their opposition to the motion for preliminary injunction, defendants assert that plaintiff's First Amendment claim is now moot because on September 7, 2021, the ABC Commission notified plaintiff that it had approved plaintiff's Freezin' Season Winter Ale label. [DE 17-1].

"Simply stated, a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969). A federal court lacks subject matter jurisdiction to decide a case which is moot due to Article III's case or controversy requirement. *Com. of Va. ex rel. Coleman v. Califano*, 631 F.2d 324, 326 (4th Cir. 1980). But "voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice." *City of Mesquite v. Aladdin's Castle, Inc.*, 455 U.S. 283, 289 (1982). If it did, a defendant could freely engage in unconstitutional activity, as long as it took temporary breaks whenever a lawsuit was filed. *Id.* at 289 n.10; *Friends of the Earth, Inc. v. Laidlaw*, 528 U.S. 167, 189 (2000). Because of this concern, a case is only mooted when "subsequent events ma[k]e it absolutely clear that the allegedly wrongful behavior [can]not reasonably be expected to recur." *United States v. Concentrated Phosphate Export Assn.*, 393 U.S. 199, 203 (1968). A defendant claiming its voluntary action makes a case moot bears a "formidable burden" in demonstrating this. *Laidlaw*, 528 U.S. at 190.

Plaintiff makes two challenges in its complaint. First, plaintiff challenges the ABC Commission's application of 14B NCAC 15B.1003(a)(2) to reject its twelve-ounce bottle Freezin' Season Winter Ale label and seeks an injunction preventing defendants from enforcing

4

the Rule against the sale of Freezin' Season beer. Second, plaintiff raises a facial challenge to the Rule, arguing that it constitutes an unconstitutional prior restraint on protected expression and is further inherently vague and ambiguous, and seeks a declaration that the Rule is unconstitutional.

At this stage and on this record, the Court is not persuaded that plaintiff's challenge to the Rule is moot. As plaintiff has argued, the fact that defendants have now approved its Freezin' Season Winter Ale label does not prevent them from reversing their decision in the future, and indeed there is no evidence or argument which would suggest that the commissioners would be prevented from reversing their September 7, 2021, decision after a period of time. *Cf. New York State Rifle & Pistol Ass'n, Inc. v. City of New York, New York*, 140 S. Ct. 1525, 1526 (2020) (case moot after state legislature amended statute challenged by plaintiffs amounting to precise relief plaintiffs sought in their complaint).

The approval of plaintiff's Freezin' Season Winter Ale label does, however, impact the Court's preliminary injunction analysis. Plaintiff has made a colorable claim that it is likely to succeed in showing that the Rule violates the First Amendment, even assuming, without deciding, that plaintiff's speech is commercial speech and a lower level of scrutiny applies. *See Cent. Hudson Gas & Elec. Corp. v. Pub. Serv. Comm'n of New York*, 447 U.S. 557, 563-567 (1980). Further, irreparable harm and likelihood of success on a First Amendment claim are "inseparably linked". *WV Ass'n of Club Owners & Fraternal Servs., Inc. v. Musgrave*, 553 F.3d 292, 298 (4th Cir. 2009). However, a court must still determine where the balance of equities tips and the public interest lies.

Here, the Court determines that, in light of plaintiff having received approval for its Freezin' Season Winter Ale label, the balance of equites tips against entry of a preliminary

5

Case 5:21-cv-00343-BO   Document 20   Filed 09/10/21   Page 5 of 7

injunction.[2] Plaintiff's Rule 65 motion requests emergency and preliminary injunctive relief because plaintiff must have orders for its Freezin' Season Winter Ale so that it can begin production in time for its seasonal distribution. While the ABC Commission's reversal of its prior rejection of plaintiff's Freezin' Season label does not appear to moot this case, this "development[] weigh[s] against the need for a preliminary injunction even if the plaintiff[] may be likely to succeed on the merits." *Cassell v. Snyders*, 990 F.3d 539, 547 (7th Cir. 2021). Plaintiff has now received some, though not all, of the relief sought in its complaint. In particular, plaintiff has received relief sought as a result of its as applied challenge to 14B NCAC 15B.1003(a)(2), namely, the approval of its Freezin' Season Winter Ale label. In light of the change in circumstance, the Court in its discretion finds that plaintiff has not demonstrated the need for an extraordinary and drastic remedy which is to be "granted only sparingly and in limited circumstances." *MicroStrategy Inc. v. Motorola, Inc.*, 245 F.3d 335, 339 (4th Cir. 2001) (quoting *Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 816 (4th Cir.1991). The motion is therefore denied, and the case will proceed without a preliminary injunction in place.

## CONCLUSION

Accordingly, for the foregoing reasons, plaintiff's motion for preliminary injunction [DE 5] is DENIED.

---

[2] Because the balance of equities element tips against granting an injunction, plaintiff cannot make the requisite showing under *Winter*. 555 U.S. at 20.

SO ORDERED, this 10 day of September, 2021.

_____
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

7