IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:21-CV-343-BO

| | | |
|---|---|---|
| FLYING DOG BREWERY, LLC, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| THE NORTH CAROLINA ALCOHOLIC | ) | |
| BEVERAGE CONTROL COMMISSION, | ) | |
| ALEXANDER DUKE "ZANDER" GUY | ) | |
| JR., NORMAN A. MITCHELL SR., | ) | |
| KAREN L. STOUT, TERRANCE L. | ) | |
| MERRIWEATHER, and CINDY MESINO, | ) | |
| Defendants. | ) | |

This cause comes before the Court on defendants' motion to dismiss, plaintiff's motion for summary judgment, and defendants' motion for summary judgment. The appropriate responses and replies have been filed, or the time for doing so has expired, and a hearing on the matters was held before the undersigned on April 19, 2022, at Raleigh, North Carolina. In this posture, the matters are ripe for disposition.

BACKGROUND

Plaintiff commenced this action by filing a complaint on August 26, 2021. [DE 1]. Plaintiff alleged that its First Amendment rights were violated when defendants denied plaintiff's application to approve its Freezin' Season Winter Ale label. Specifically, plaintiff's complaint challenged 14B N.C. Admin. Code 15B.1003(a)(2) both on its face and as applied to plaintiff as a prior restraint on protected expression and as inherently vague and ambiguous, implicating both due process and speech concerns.

Plaintiff also sought a temporary restraining order and a preliminary injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure. The Court denied plaintiff's motion for temporary restraining order, finding that plaintiff had failed to sufficiently demonstrate that *ex parte* relief was warranted. [DE 7]. After a hearing, the Court denied plaintiff's motion for preliminary injunction in light of the ABC Commission having approved plaintiff's Freezin' Season Winter Ale label after plaintiff initiated this action. [DE 20]. The Court further concluded that although there were no longer grounds on which to grant preliminary injunctive relief, plaintiff's case was not moot as it had raised both an as-applied and a facial challenge to the subject regulation.

Defendants then moved to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. [DE 22]. Plaintiff filed an amended complaint [DE 24] and its motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. [DE 27]. In its amended complaint, plaintiff alleges a single claim that 14B N.C. Admin. Code 15B.1003(a)(2) violates the First Amendment because it is invalid on its face as an unconstitutional prior restraint on protected expression, is invalid on its face as inherently vague and ambiguous, and is invalid as applied to bar the advertisement and sale of Freezin' Season Winter Ale where defendants lack any valid interest which would justify censorship of plaintiff's Freezin' Season label.

Defendants answered the amended complaint and filed a cross-motion for summary judgment. [DE 28 & 33]. Defendants' motion provides that the parties have agreed to focus their pre-discovery summary judgment motions on the core issue in the case, namely the constitutionality of the challenged regulation, but that by doing so defendants do not waive any defenses not raised. Plaintiff's motion provides that it has conditionally stipulated that each defendant is liable for $1 in damages and that if, and only if, its motion is granted it will seek no additional actual damages, without waiving any right to attorney fees.

2

DISCUSSION

At the outset, the Court denies as moot defendants' motion to dismiss the original complaint in light of the filing of an amended complaint. *See Fawzy v. Wauquiez Boats SNC*, 873 F.3d 451, 455 (4th Cir. 2017). Remaining for the Court's consideration are the cross-motions for summary judgment regarding the constitutionality of the challenged regulation.

A motion for summary judgment may not be granted unless there are no genuine issues of material fact for trial and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If that burden has been met, the non-moving party must then come forward and establish the specific material facts in dispute to survive summary judgment. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 588 (1986). In determining whether a genuine issue of material fact exists for trial, a trial court views the evidence and the inferences in the light most favorable to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007). However, "[t]he mere existence of a scintilla of evidence" in support of the nonmoving party's position is not sufficient to defeat a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

"A dispute is genuine if a reasonable jury could return a verdict for the nonmoving party. . . . and [a] fact is material if it might affect the outcome of the suit under the governing law." *Libertarian Party of Virginia v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013) (internal quotations and citations omitted). Speculative or conclusory allegations will not suffice. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002). When deciding cross-motions for summary judgment, a court considers each motion separately and resolves all factual disputes and competing inferences in the light most favorable to the opposing party. *Rossignol v. Voorhaar*, 316 F.3d 516,

523 (4th Cir. 2003). The court must ask "whether the evidence presents a sufficient disagreement to require submission to the jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251.

A. *Statement of the facts*

The following material facts appear to be undisputed. [DE 27-1; 41]. Plaintiff is a brewery with its headquarters and principal place of business in Frederick, Maryland. Plaintiff creates, brews, and sells craft beer, shipping over 1.3 million cases of beer annually for distribution to corporate customers in the retail, bar, and restaurant business. Plaintiff currently distributes its beer for sale in North Carolina.

Plaintiff has collaborated with the artist Ralph Stedman who produces, under license, illustrations for plaintiff's corporate imaging, including beer labels, beer packaging, posters, and clothing. Mr. Stedman created the image at issue in this case which appears on plaintiff's Freezin' Season Winter Ale twelve-ounce beer bottle label. The image on the label consists of a nude cartoon figure standing next to a campfire. *See* [DE 24 p. 5].

North Carolina state laws governs "the sale, purchase, transportation, manufacture, consumption, and possession of alcoholic beverages in North Carolina." N.C. Gen. Stat. § 18B-100. All advertising of alcoholic beverages must comply with the North Carolina Alcoholic Beverage Control Commission's (hereinafter "ABC Commission") rules, which may include rules prohibiting or regulating advertising of alcoholic beverages contrary to the public interest. *Id.* § 18B-105(a)-(b). The ABC Commission adopted the challenged rule, 14B N.C. Admin. Code 15B.1003, in 1982 and it was readopted effective July 1, 2018. The rule provides that "An advertisement or product label on any alcoholic product sold or distributed in this State shall not contain any statement, design, device, or representation" which "depicts the use of alcoholic

4

beverages in a scene that is determined by the [ABC] Commission to be undignified, immodest, or in bad taste". 14B N.C. Admin. Code 15B.1003(a)(2) (hereinafter "challenged regulation").

In June 2021, plaintiff sent samples of beer labels and keg collars to the ABC Commission, including its label for its Freezin' Season Winter Ale. On July 23, 2021, an ABC Commission employee, defendant Mesino, sent an email informing plaintiff that its Freezin' Season Winter Ale beer label would not be approved. In response to plaintiff's inquiry as to why, the employee cited the challenged regulation, highlighting the words "bad taste" in yellow and stating "[a]s you can see below the image below is seen as inappropriate to many here." [DE 32 pp. 8-11].

Plaintiff then filed this First Amendment challenge to the regulation at issue. On September 7, 2021, the ABC Commission sent a letter to plaintiff approving its Freezin' Season Winter Ale beer label. Since 1993, the ABC Commission has rendered administrative denials of 318 alcoholic beverage labels. Since 2009, 19 labels have been formally rejected as being undignified, immodest, or in bad taste.

B. *Analysis*

(1) Plaintiff's beer label is commercial speech.

Whether speech is commercial or non-commercial impacts the degree of protection provided by the First Amendment. *Bolger v. Youngs Drug Prod. Corp.*, 463 U.S. 60, 65 (1983). Commercial speech is that expression which is "related solely to the economic interests of the speaker and its audience." *Cent. Hudson Gas & Elec. Corp. v. Pub. Serv. Comm'n of New York*, 447 U.S. 557, 561 (1980) (Central Hudson).

The only case of which the Court is aware that has squarely considered whether beer labels constitute commercial or non-commercial speech is *Bad Frog Brewery, Inc. v. New York State Liquor Authority*, 134 F.3d 87, 97 (2d Cir. 1998). The court in *Bad Frog Brewery* held that the

5

beer label at issue was commercial speech. This Court has considered plaintiff's argument that the Ralph Stedman artwork on its labels should be considered non-commercial speech. However, the Court agrees with defendants and the *Bad Frog Brewery* court that the label is ultimately designed to advertise and sell plaintiff's beer, and the label in its entirety is properly considered to be commercial speech.

The "mere fact that" something is an "advertisement[] clearly does not compel the conclusion that [it is] commercial speech." *Bolger*, 463 U.S. at 66. "From *Bolger*, courts of appeals have gleaned 'three factors to consider in deciding whether speech is commercial: (1) is the speech an advertisement; (2) does the speech refer to a specific product or service; and (3) does the speaker have an economic motivation for the speech." *Greater Baltimore Ctr. for Pregnancy Concerns, Inc. v. Mayor & City Council of Baltimore*, 721 F.3d 264, 285 (4th Cir. 2013).

All three of these factors are satisfied here. The beer label is an advertisement. The speech is economically motivated, namely in order to sell beer. The second factor is less clear cut, but still weighs in favor of finding that the entire beer label, including Stedman's artwork, is commercial speech. Plaintiff admits that the design of its labels is meant entice customers to buy its beer. [DE 24] Amd. Compl. ¶ 36. Similarly, the Fourth Circuit concluded in *Wag More Dogs, LLC v. Cozart* that a mural on the wall of a doggy daycare business, which the business owner admitted was designed to attract customers, was properly considered commercial speech. 680 F.3d 359, 370 (4th Cir. 2012). This Court discerns no meaningful difference between the artwork on plaintiff's beer labels and the mural on the doggy daycare business at issue in *Wag More Dogs*. Accordingly, it concludes that the speech at issue is commercial. *See also Rubin v. Coors Brewing Co.*, 514 U.S. 476, 481 (1995) (parties agree that information on beer label is commercial speech); *Flying Dog Brewery, LLLP v. Michigan Liquor Control Comm'n*, 597 F. App'x 342, 354 (6th Cir. 2015)

("Rubin resolved any doubt that First Amendment commercial speech principles apply to the content of beer labels.").

(2) The challenged regulation is not a prior restraint on protected expression.

Plaintiff in its amended complaint and motion for summary judgment refers to the challenged regulation as a prior restraint, although it does not engage in a detailed analysis of the applicability of the prior restraint doctrine to this case. "Because traditional prior restraint principles do not fully apply to commercial speech, a State may require 'a system of previewing advertising campaigns to insure that they will not defeat' state restrictions." *Zauderer v. Off. of Disciplinary Couns. of Supreme Ct. of Ohio*, 471 U.S. 626, 668 n.13 (1985) (quoting *Central Hudson*, 447 U.S. at 571 n.13).

As plaintiff has not advanced an argument that the challenged regulation is a prior restraint, and in light of the foregoing authority, the Court concludes that the challenged regulation is not a prior restraint.

(3) The challenged regulation fails the *Central Hudson* test.

Commercial speech is nonetheless protected from "unwarranted governmental regulation." *Cent. Hudson*, 447 U.S. at 561. Although the Court agrees with plaintiff that the prohibition appears to be content-based, because the prohibition concerns commercial speech the intermediate scrutiny articulated in *Central Hudson* controls. *See Greater Philadelphia Chamber of Com. v. City of Philadelphia*, 949 F.3d 116, 138 (3d Cir. 2020) (noting that "the Supreme Court has consistently applied intermediate scrutiny to commercial speech restrictions, even those that were content- and speaker-based").

> In commercial speech cases, then, a four-part analysis has developed. At the outset, we must determine whether the expression is protected by the First Amendment. For commercial speech to come within that provision, it at least must concern lawful activity and not be misleading. Next, we ask whether the asserted

7

governmental interest is substantial. If both inquiries yield positive answers, we must determine whether the regulation directly advances the governmental interest asserted, and whether it is not more extensive than is necessary to serve that interest.

*Cent. Hudson*, 447 U.S. at 566. The *Central Hudson* analysis is applicable to both facial and as-applied challenges. *Educ. Media Co. at Virginia Tech v. Insley*, 731 F.3d 291, 298 (4th Cir. 2013).

It is undisputed that plaintiff's beer label concerns lawful activity and is not misleading. The questions which remain then are whether (a) defendants have asserted a substantial government interest which is (b) directly advanced by the challenged regulation and whether (c) the regulation is more extensive than is necessary to serve the state's interest.

(a) *Substantial government interest*

Defendants have advanced as North Carolina's substantial interest "preventing parents[1] and children from being surprised by sexually explicit and vulgar modes of advertising on ubiquitous beer labels" and "protecting children from exposure to vulgar language and speech that is sexually profane." [DE 34 pp. 1, 9]. Although plaintiff takes issue with defendants' asserted interest, the Court finds that "protecting the physical and psychological well-being of minors" is a substantial government interest. *Bad Frog Brewery*, 134 F.3d at 98.

(b) *Whether the interest is directly advanced*

In *Bad Frog Brewery*, the Second Circuit held that a similar regulation failed to directly advance the substantial government interest of protecting minors from vulgar and profane images. That court specifically addressed the same arguments made by defendants here – that the prohibition of distasteful and immodest beer labels would keep such labels from being seen by children. In rejecting that reasoning, the *Bad Frog* court held that such an "approach takes too narrow a view of the third criterion." *Bad Frog Brewery*, 134 F.3d at 100. The *Bad Frog* court

---

[1] "[A]dults have a First Amendment right to view and hear speech that is profane and scandalous." *In re Brunetti*, 877 F.3d 1330, 1353 (Fed. Cir. 2017).

8

further relied on its conclusion that prohibiting vulgar and profane beer labels would not materially advance any state interest because it could not "realistically be expected to reduce children's exposure to such displays to any significant degree." *Id.* at 99.

The *Bad Frog* court's conclusion is persuasive, especially where the labels at issue are present on alcoholic beverages, which children are prohibited from purchasing. Defendants' argument that, absent the challenged regulation, children will be ambushed by vulgar and sexually explicit alcoholic beverage labels while "shopping for the necessities of life" with their parents rings somewhat hollow in this day and age. However, the Court agrees with plaintiff in this case that, whatever North Carolina's interest is in protecting minors from vulgar and profane images, as is discussed more fully below, the challenged regulation sweeps far too broadly in attempting to further that interest. Accordingly, even assuming, without deciding, that the regulation satisfies the third prong of the *Central Hudson* test, it plainly fails on the fourth. *See Recht v. Morrisey*, 32 F.4th 398 (4th Cir. 2022) (*Central Husdon* prongs are interrelated to an extent and answer to one may inform a judgment concerning others) (quoting *Greater New Orleans Broad. Ass's v. United States*, 527 U.S. 173, 183-84 (1999)).

(c) *The regulation is more extensive than necessary*

Under the fourth prong of the *Central Hudson* analysis, "the party defending the regulation 'must demonstrate narrow tailoring of the challenged regulation to the asserted interest—a fit that is not necessarily perfect, but reasonable; that represents not necessarily the single best disposition but one whose scope is in proportion to the interest served.'" *Insley*, 731 F.3d at 300 (quoting *Greater New Orleans Broad. Ass'n*, 527 U.S. at 188).

The fit here is far from reasonable. The regulation prohibits speech determined by the ABC Commission to be undignified, immodest, or in bad taste, and the range of material that could be

9

determined to violate the regulation is vast. Defendants argue that the regulation is narrowly tailored to prevent alcohol labels which would ambush shoppers with "harmful vulgarity" [DE 34 p. 11] and is sufficiently flexible to "target[] certain vulgar words and images of a sexual, violent, or illegal nature". [*Id.* p. 3]. But the regulation is not narrowly drawn to prohibit vulgar words or images of a sexual, violent, or illegal nature. It prohibits speech determined to be immodest, undignified, and in bad taste. These words and their common meanings, *see* [DE 38-2 pp. 6-13], cover a broad range of words and images which could include both explicit sexual images as well as images which are merely undignified, a term that is defined as "appearing foolish and unseemly" by Oxford Dictionaries online, [2] and as lacking honor or esteem by Merriam Webster. [DE 38-2 p. 6]. But to satisfy the *Central Husdon* test, the regulation must "be no more extensive than necessary to serve [the stated] interest." *Rubin*, 514 U.S. at 486.

Plaintiff's evidence demonstrating the inconsistency of the ABC Commission's approval and rejections of alcoholic beverage labels as immodest, undignified, and in bad taste further supports that the regulation is not sufficiently tailored. *See In re Brunetti,* 877 F.3d 1330, 1353 (Fed. Cir. 2017). While defendants' briefing raises concerns about sexually explicit content, none of the labels they identified as having been previously rejected as violating the challenged regulation contain sexually explicit depictions. Rather, they contain sexualized words, violent depictions, and swear words. *See* [DE 32 pp. 25 ("BeerGasm" label depicting clothed woman; 38 ("Columbian Necktie" label depicting violence); 48 ("The F Bomb" label depicting clothed paratrooper dropping beer bottles). However, defendants also *approved* labels containing sexual words, violent depictions, and swear words, as well as plaintiff's Freezin' Season label which defendants contend depicts a human penis. *See* [DE 38-2 pp. 85 ("Eff 2020" label depicting two

---

[2] https://premium.oxforddictionaries.com/us/definition/american_english/undignified (last visited May 11, 2022).

hands with only middle fingers raised); 91 ("Orgasm" label without image); 95 ("Ling Chi" label depicting violence).

Indeed, the Supreme Court has recently reaffirmed "the bedrock First Amendment principle [that] Speech may not be banned on the ground that it expresses ideas that offend." *Matal v. Tam*, 137 S. Ct. 1744, 1751 (2017). There, in considering a challenge to the Lanham Act's disparagement clause, Justice Alito noted that, even assuming using the *Central Hudson* test was appropriate in the context of the Lanham Act, the disparagement clause was not narrowly tailored to achieve any substantial government interest. *Id.* at 1764-65. Specifically, Justice Alito determined that when the government's substantial interest is framed as "preventing speech expressing ideas that offend," such an idea "strikes at the heart of the First Amendment." *Id.* at 1764. Here, defendants have framed the state's substantial interest more narrowly than simply preventing offensive speech, focusing instead on protecting "unwitting" minors. However, the Court is mindful that "the mere presumed presence of unwitting listeners or viewers does not serve automatically to justify curtailing all speech capable of giving offense." *Cohen v. California*, 403 U.S. 15, 21 (1971). In any event, the Court need only determine the question presented in this case – whether the challenged regulation prohibiting alcoholic beverage labels determined to be immodest, undignified, or in bad taste is sufficiently tailored to achieve the state's articulated interest. It simply is not.

Plaintiff raises both a facial and as-applied challenge to the regulation. To the extent that plaintiff's as-applied challenge to the regulation was not mooted when defendants approved plaintiff's Freezin' Season Winter Ale label after the commencement of this action, defendants have failed to "justify the challenged regulation with regard to its impact on the plaintiff[]." *Insley*, 731 F.3d at 298. A facial challenge requires a plaintiff to, among other things, demonstrate that

the "law lacks any legitimate sweep" or that it is "overbroad because a substantial number of its applications are unconstitutional[.]" *Id.* n. 5 (quotations and citations omitted).

Plaintiff has made a sufficient showing that the challenged regulation is facially unconstitutional because it is overbroad and otherwise not narrowly tailored to achieve North Carolina's proffered substantial interest. While the ABC Commission may regulate alcoholic beverage labeling beyond the limits of the definition of obscenity, it must do so in a manner that comports with *Central Hudson*. *See also Flying Dog Brewery*, 597 F. App'x at 355 (Supreme Court, Sixth Circuit precedent and persuasive opinion in "*Bad Frog Brewery* [] should have placed any reasonable state liquor commissioner on notice that banning a beer label based on its content would violate the First Amendment unless the *Central Hudson* test was satisfied.").

## CONCLUSION

Accordingly, for the foregoing reasons, defendants' motion to dismiss the original complaint [DE 22] is DENIED AS MOOT, plaintiff's motion for summary judgment [DE 27] is GRANTED and defendants' motion for summary judgment [DE 33] is DENIED. Although plaintiff has discussed its stipulation concerning damages in its briefing, the Court DIRECTS the plaintiff to file a separate motion or stipulation as to damages. Once the issue of damages is resolved by separate order, the clerk will enter judgment and close the file.

SO ORDERED, this *13* day of May 2022.

*Terrence W. Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE